**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 08-4962**

—————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

RUFUS HOPKINS, a/k/a Rock,

             Defendant - Appellant.

—————

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Joseph F. Anderson, Jr., District
Judge.   (3:07-cr-00153-JFA-1)

—————

Submitted: September 10, 2009      Decided: October 8, 2009

—————

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

—————

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

—————

Andrew   Mackenzie,   BARRETT-MACKENZIE,   LLC,   Greenville,
South Carolina, for Appellant.  Mark C. Moore, Assistant United
States Attorney, Columbia, South Carolina, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rufus Hopkins appeals from his convictions for conspiracy to distribute cocaine and a related financial conspiracy, as well as his resulting life sentence. His attorney filed an Anders[*] brief, stating that there are no meritorious issues for appeal given Hopkins's waiver of appellate rights in his plea agreement, but raising the questions of whether the district court abused its discretion in denying Hopkins's motion to withdraw his plea or whether the district court clearly erred in determining that Hopkins was not entitled to an acceptance of responsibility adjustment. Hopkins filed a pro se supplemental brief, alleging that his prosecution violated the statute of limitations for conspiracy. The Government moved to dismiss the appeal based upon the waiver. We affirm in part and dismiss in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936

_____

[*] Anders v. California, 386 U.S. 738 (1967).

F.2d 165, 167-68 (4th Cir. 1991).  The question of whether a defendant validly waived his right to appeal is a question of law that this court reviews de novo.  Blick, 408 F.3d at 168.

Waiver of appeal of a sentence does not bar the appeal of a sentence imposed in excess of the statutory maximum or a challenge to the validity of a guilty plea.  United States v. General, 278 F.3d 389, 399 n.4 (4th Cir. 2002); United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992).  Further, a defendant does not waive the right to appeal a sentence based on a constitutionally impermissible factor such as race, Marin, 961 F.2d at 496, or proceedings conducted in violation of the Sixth Amendment right to counsel following the entry of the guilty plea.  United States v. Attar, 38 F.3d 727, 732-33 (4th Cir. 1994).

The district court informed Hopkins of the waiver at the Rule 11 hearing, and Hopkins stated that he understood. Moreover, at sentencing, the district court rejected Hopkins's assertions that his plea was coerced and unknowing; we will generally not review a district court's credibility decision. See United States v. Lowe, 65 F.3d 1137, 1142 (4th Cir. 1995). Therefore, we find that Hopkins knowingly and intelligently waived the right to appeal his conviction and sentence.

Thus, given the scope of his waiver, Hopkins has waived review of his claims that the district court improperly

3

denied him an acceptance of responsibility adjustment and that his conviction violated the statute of limitations. These claims involved neither the validity of the guilty plea nor the legality of the sentence. However, Hopkins's assertion that the district court improperly denied his motion to withdraw his guilty plea does implicate the validity of the plea and is, thus, unwaived. Accordingly, we grant the Government's motion to dismiss in part and dismiss the challenges to Hopkins's sentence and the statute of limitations claim. We deny the motion with regard to Hopkins's challenge to his conviction.

Turning to this latter challenge -- the denial of Hopkins's motion to withdraw his guilty plea -- we have reviewed the Anders brief and the record, and we find no reversible error. Accordingly, we conclude, for the reasons stated by the district court, that the motion was properly denied. (See E.R. at 368-76.) In addition, in accordance with Anders, we have examined the entire record for unwaived error and found none. Thus, we affirm Hopkins's convictions.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must

4

state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

5